**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| E.V., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | : | **Civil Action No. 24-11063 (SRC)** **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff E.V. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, filed September 10, 2020, alleging disability beginning April 1, 2020. The claim was originally denied by ALJ Peter R. Lee (the "ALJ") on October 18, 2021. On October 27, 2022, the Appeals Council issued a Remand Order. The same ALJ subsequently held a post-remand rehearing on September 21, 2023, and he again denied Plaintiff's claim on November 21, 2023. Plaintiff again sought review of the decision from the Appeals Council. After the Appeals

Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the November 21, 2023 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), with certain additional exertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

The ALJ decision at issue here came after the Appeals Council remanded his first decision. Plaintiff relies on this fact, in part, in making her argument that the decision before this Court is not supported by substantial evidence. (Plaintiff's Br. 26-27). This line of argument raises questions about whether there is controlling legal authority for the proposition that a Court performing judicial review pursuant to 42 U.S.C. § 405(g) should review not only the final decision of the Commissioner, which § 405(g) expressly authorizes, but should expand the scope of its inquiry to cover the entire history of the claimant's application before the Social Security administration. This Court finds this line of argument based on the internal workings of the Social Security Administration to be highly problematic.

At the outset, the Court observes that the authorizing statute limits its ability to consider this line of argument. The statute, 42 U.S.C. § 405(g), states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.

Plaintiff has appealed the final decision of the Commissioner under § 405(g), and the statute authorizes this Court to review that final decision only. Nothing in the authorizing statute allows this Court to review previously vacated decisions of the Commissioner, nor the decisions of the Appeals Council regarding any previous decisions. Pursuant to § 405(g), this Court limits its consideration of Plaintiff's arguments on appeal to arguments that concern the specific final decision of the Commissioner that Plaintiff has appealed, and this Court does not consider issues outside the boundary clearly drawn by § 405(g).

Plaintiff begins by asserting that the ALJ's RFC determination did not change between his first and second decision despite his findings that Plaintiff had additional severe impairments not mentioned in the first decision. As already explained, the ALJ's first decision, dated October 18, 2021, is not a "final decision" within the meaning of § 405(g). Only the second decision, dated November 21, 2023, is the final decision which this Court is presently authorized to review. This Court does not review the processes internal to the Social Security Administration which preceded the final decision. Plaintiff's arguments about the first decision cannot be considered during judicial review of the final decision.

Plaintiff also argues that the ALJ erred in concluding that her lupus and rheumatic arthritis diagnoses are not severe impairments. Under Third Circuit precedent, this Court finds

that the ALJ erred in concluding that these diagnoses are not severe impairments. The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-8. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Id.; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether the showing has been made is to be resolved in favor of the applicant."). In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow." McCrea, 370 F.3d at 357.

This Court finds that, given Third Circuit law, Plaintiff is correct that the ALJ erred in concluding that her lupus and rheumatic arthritis diagnoses are not severe impairments at step two. However, and as the Plaintiff concedes, this error alone will not support remanding the ALJ's decision because it was harmless. At step two, the ALJ found Plaintiff had multiple other severe impairments. The outcome at this step would not have been different had the ALJ found these two additional severe impairments. Instead, Plaintiff explains that this argument

"center[s] around the ramifications of this frankly outlandish step 2 finding when it rebounds during the step 4 RFC calculus." (Plaintiff's Br. 22). But Plaintiff fails to point to any evidence in the record that shows that her lupus and arthritis diagnoses further limit her ability to work, and thus does not show that this step two error was harmful.

Plaintiff's arguments fail to meet the standard set forth by the Supreme Court in Shinseki v. Sanders. Plaintiff bears two burdens: first, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). And second, on appeal, Shinseki v. Sanders provides that Plaintiff bears "the 'burden' of showing that an error was harmful." 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, she might have proven the disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff has failed to carry either of these burdens because she has not pointed to any evidence in the record that might have established that the lupus and rheumatic arthritis had disabling impacts on her RFC. At step four, the ALJ carefully reviewed the record evidence concerning Plaintiff's foot and ankle problems and determined that these resulted in limitations accounted for in the RFC determination. (Tr. 22-25). This review consisted of the following evidence: Dr. Betty Vekhnis' consultative exam, records from Orthopedics New Jersey, and the opinion of the DDS medical consultants. Id. In her argument, Plaintiff does not point to any evidence the ALJ overlooked or omitted in making his RFC determination. Instead, Plaintiff seems to argue that the ALJ bears the burden of proving that Plaintiff is able to work. See

Plaintiff's Br. 25. This is incorrect; at the first four steps, Plaintiff bears the burden of proof of disability and the Commissioner has no burden of proof of ability to work. Since Plaintiff points to no evidence overlooked or omitted by the ALJ that might have established that her lupus and rheumatic arthritis had additional disabling impacts on her RFC, she has failed to meet her burdens of proof.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that Plaintiff was harmed by any errors. This Court finds the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: September 28, 2026